**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| LARRY FLENOID, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 2:12-cv-0200-JMS-WGH |
| | ) | |
| CHARLES L. LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). For the reasons explained in this Entry, the summary dismissal of this action is appropriate.

**Background**

Petitioner Larry Flenoid was convicted in the United States District Court for the Eastern District of Missouri of being a felon in possession of a firearm and escape. *See United States v. Flenoid*, 415 F.3d 974, 975 (8th Cir. 2005). His motion for relief pursuant to 28 U.S.C. § 2255 was denied in *Flenoid v. United States*, 2009 WL 1735267 (E.D. Mo. June 18, 2009). Both the trial court and the court of appeals denied a certificate of appealability.

Flenoid is currently confined in this District and filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks habeas relief based on his contention that his counsel was ineffective in a number of ways.

**Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ]

adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

Following Flenoid's direct appeal, he filed a motion for relief pursuant to 28 U.S.C. § 2255. That motion provided Flenoid with the full opportunity to challenge his conviction and sentence the law contemplates. Flenoid's argument that he did not receive a full and fair opportunity to have his claims of ineffective assistance of counsel heard is unavailing. It is true that the district court lamented that Flenoid's § 2255 motion and traverse were lengthy and difficult to manage and the court did not provide a point-by-point analysis of each of Flenoid's many arguments. But the court also explained: "Upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that the movant is not entitled to relief." *Flenoid v. United States*, 2009 WL 1735267 (E.D. Mo. June 18, 2009). In other words, the court considered Flenoid's arguments and rejected them. He is not entitled to use § 2241 for another bite at the post-conviction apple.

Flenoid argues that the recent Supreme Court decision in *Martinez v. Ryan,* —— U.S. —— –, 132 S.Ct. 1309 (2012), provides him an avenue for relief pursuant to § 2241. In *Martinez* a

prisoner challenging his state conviction argued that his counsel in his state collateral proceeding was ineffective and that this ineffectiveness established cause for his procedural default. The *Martinez* court agreed with the petitioner and held that where state law requires an ineffective-assistance-of-trial-counsel claim to be raised in an initial collateral proceeding (and not in a direct appeal), a procedural default will not bar a federal habeas court from hearing that claim if, in the collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Id*. 132 S.Ct. at 1315. *Martinez* does not apply to Flenoid's claims. First, at least one court has held that *Martinez* is not retroactive to cases on collateral review. *See Buenrostro v. United States*, 697 F.3d 1137, 1141 (9th Cir. 2012). Further, no court has found that Flenoid procedurally defaulted on any of his claims in his § 2255 motion. While the court considering his § 2255 motion gave short shrift to many of Flenoid's arguments, it did consider all of them and found none of them to be waived or forfeited. Again, Flenoid has his opportunity to seek post-conviction relief and has shown no reason to implant the same challenges in the District of his confinement.

## Conclusion

Flenoid has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___05/07/2013_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Larry Flenoid
Reg. No. 18797-044
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808